R. R. PESQUERA & CO., PLAINTIFFS AND APPELLANTS, v. MARÍ
BROS., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action
for Damages.

No. 1420.—Decided March 28, 1916.

DAMAGES — SALE BY SAMPLE — EXPERT — PAYMENT OF PURCHASE PRICE — NON-
PERFORMANCE OF CONTRACT.—Article 327 of the Code of Commerce is inap-
plicable when there is no question about whether the purchaser may refuse
to receive the goods contracted for on the ground that they are not like
the sample, or of whether in case of refusal to receive them experts should
be named to decide whether or not they should be received, but when the
action is to recover damages for failure to comply with a voluntary condi-
tion agreed upon and accepted—that is, for failure to supply the goods to
the purchaser in the quantity, quality and manner agreed upon, the purchaser
having paid the purchase price in the belief that the vendor had complied
with his obligation under the contract.

ID.—MERCANTILE CONTRACT—GOOD FAITH—INTENT OF PARTIES—OBLIGATION.—
Under article 57 of the Code of Commerce commercial contracts must be
executed and complied with in good faith according to the terms in which
they are made, without limiting the effects which are naturally derived from
the manner in which the contractors may have explained their intentions and
contracted their obligations.

ID.—NON-PERFORMANCE OF CONTRACT BY VENDOR—CIVIL AND COMMERCIAL TRANS-
ACTIONS.—If the vendor fails to live up to the contract entered into with
the vendee he is subject to the consequences of the non-performance—that
is, the payment of an indemnity for the loss caused thereby, pursuant to
section 1068 of the Civil Code, which is applicable both to civil and com-
mercial transactions.

The facts are stated in the opinion.

*Mr. José L. Pesquera* for the appellant.

*Mr. Alfredo Arnaldo Sevilla* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by the plaintiffs from a judgment ren-
dered by the District Court of Mayagüez on September 22,
1915, dismissing the complaint for lack of facts sufficient to
constitute a cause of action and ordering as a consequence
the dismissal of the action with the costs, expenses, disburse-
ments and attorney fees against the plaintiffs.

The complaint was filed in the District Court of San Juan,

Section 2, which ordered that the case be transferred to the District Court of Mayagüez. It is as follows:

"Now come before this court R. R. Pesquera & Company, represented by their attorney, José L. Pesquera Dávila, and make this their complaint against Marí Brothers and for a cause of action set up the following facts, to wit:

"1. The plaintiffs are a copartnership doing a general commission business and buying and selling manufactured articles and provisions, being duly registered in the mercantile registry of San Juan, P. R. The defendants are an agricultural and industrial partnership conducting a farming business in San Germán, P. R., in which, among other things, they produce honey for sale and export. Both parties have the necessary legal capacity to sue and be sued.

"2. In the month of July of this year and prior to the 28th day of that month the plaintiffs bought from the defendants twenty-five (25) barrels of honey containing 1,321 gallons at forty-six cents per gallon. The transaction was made on the basis of a sample of the said honey in a perfect state of purity which was furnished to the plaintiffs by the defendants and accepted by the former on the 9th day of the said month of July.

"3. It was an express condition of the contract that the defendants should ship the honey from Mayagüez during the last half of the said month, in the amount and of the quality agreed upon, consigned to Lispenard, Ewing & Company, 135 Broadway, New York City, in new barrels which were to be returned to the defendants or paid for at the rate of $2.25 each.

"4. Failing to comply with the said condition, the defendants shipped, on the 28th day of the said month, to the said consignees by the steamer *Bayamón*, of the A. H. Bull Steamship Company, 1,321 gallons of honey which was *fermented and in old barrels.*

"5. On the same 28th day of July the defendants drew against the plaintiffs to the order of the Commercial Bank of Porto Rico their draft No. 2240 for the sum of $610.75 and this sum was duly paid on the 6th of August following in the belief that the defendants had complied with their obligation by making the shipment as had been agreed.

"6. The plaintiffs, through their correspondents in New York, Lispenard, Ewing & Company, had sold the said quantity of honey at a profit to them of two cents per gallon, but owing to the failure of the defendants to comply with their part of the contract the plaintiffs not only could not induce the purchasers to accept the honey

but after much labor and activity they could dispose of it only at twenty-five cents per gallon, losing besides the freight, drayage, cost of cablegrams, etc., the material loss amounting to at least $500.

"7. The plaintiffs further allege that they are a firm just starting in business and have not their credit well established, wherefore they need above everything that their transactions shall be completely clean and honorable and due to the substitution by the defendants of fermented honey for pure honey the said plaintiffs have been complained of by some New York merchants and now find themselves discredited in that market.

"8. The total damages caused the plaintiffs by the defendants cannot be estimated at less than $2,500.

"Therefore, the said plaintiffs pray the court that after due process of law it render judgment in their favor and against the defendants requiring the latter to pay to the former the sum of $2,500 for the damages sustained, together with the costs and attorney fees."

The trial court based its judgment upon the following opinion:

"The sale of honey involved is a mercantile contract and therefore should be governed by the provisions of the Code of Commerce in force in Porto Rico. According to article 327 of the said code, before receiving the thing sold the plaintiffs should have ascertained whether it was of the same quality as the sample submitted by the vendor and if it were not they should have refused it, for after it was received and sold to third persons it could not be proved whether it was of the same quality as the sample furnished by the seller, and the act of disposing of the thing sold implies acceptance and the consummation of the contract; therefore the court considers that the plaintiffs have no right to the damages claimed in their complaint."

The appellants allege that article 327 of the Code of Commerce is not applicable to this case, in which the plaintiffs claim damages caused them by the defendants in shipping fermented honey instead of pure honey unseen by the former and taking advantage of their confidence and good faith.

Article 327 of the Code of Commerce, on whose meaning and scope alone this appeal is based, reads as follows:

"If the sale takes place by samples or by a fixed quality known in commerce, the purchaser cannot refuse to receive the article contracted for, if they conform to the samples or quality mentioned in the contract.

"In case the purchaser refuses to accept them, experts shall be appointed by both parties, who shall decide whether or not their reception is proper.

"If the experts should declare that the articles should be received, the sale shall be considered as consummated, but otherwise the contract shall be rescinded, without prejudice to the indemnity to which the purchaser may be entitled."

Now, the allegations of the complaint, which we must accept as true in order to determine whether or not there is a cause of action, show the existence of a contract of purchase and sale of honey by a sample which was satisfactory to the plaintiff purchasers and that the defendant vendors did not ship the honey to New York as agreed upon, that is, pure honey like the sample in new barrels, but they shipped fermented honey in old barrels, and the purchasers paid for it in the belief that the vendors had complied with their part of the conditions of the contract. That, in synopsis, is the fundamental basis of the claim for damages.

There is no question about whether the purchasers may or may not refuse to receive the honey contracted for because it is or is not like the sample or of whether, if they refuse to receive it, experts should be named to pass upon the quality of the honey. The honey has been received by the purchasers or by their agents in New York and no one is seeking to apply that procedure, the omission of which cannot deprive the plaintiffs of the right claimed by them.

According to the allegations of the complaint, the vendors and vendees entered into the contract under the express condition that the defendants should ship the honey of the quality and quantity agreed upon in new barrels from Mayagüez to Lispenard, Ewing & Company, and instead of doing this they shipped fermented honey in old barrels, thus failing to comply with the voluntary condition agreed upon and accepted

and thereby causing the plaintiffs the damage claimed in the complaint.

According to article 57 of the Code of Commerce, commercial contracts shall be executed and complied with in good faith according to the terms in which they were made, without limiting the effects which are naturally derived from the manner in which the contractors may have explained their wishes and contracted their obligations.

Marí Brothers failed to live up to the contract made with R. R. Pesquera & Company and are subject to the consequences of their non-compliance, that is, the payment of an indemnity for the damages caused thereby, pursuant to section 1068 of the Civil Code which is applicable to both civil and commercial transactions and which provides that those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

For the foregoing reasons the judgment appealed from must be

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.